[Civ. No. 27931. First Dist., Div. One. May 11, 1970.]

MICHAEL MIHANS et al., Petitioners, v.
THE MUNICIPAL COURT FOR THE BERKELEY-ALBANY
JUDICIAL DISTRICT OF ALAMEDA COUNTY, Respondent;
LORRAINE FREY et al., Real Parties in Interest.

## COUNSEL

Treuhaft, Walker & Burnstein, Robert Treuhaft and David Nawi for Petitioners.

No appearance for Respondent.

Elson & Grogan, Edward R. Grogan and Jean Fischer for Real Parties in Interest.

## OPINION

**MOLINARI, P. J.**—In this proceeding in which we issued an alternative writ of prohibition, petitioners challenge the constitutionality of Code of Civil Procedure section 1166a,[1] insofar as it authorizes the issuance of a prejudgment writ of immediate possession pending the hearing on the merits in an unlawful detainer action. They contend that such procedure deprives them of property without due process of law and denies them the equal protection of the law.

Petitioners are tenants in possession of certain premises in Berkeley pursuant to oral month-to-month tenancies. On February 6, 1970, real party in interest, Robert E. Leverette, filed a verified complaint in unlawful detainer in respondent municipal court (action No. 26273) seeking restitution of the premises occupied by petitioner Chris S. Lee because of the nonpayment of rent. A similar action (No. 26274) was filed by Leverette against Eric Manken and Donna Manken. Pursuant to said complaints Leverette also sought to recover against said petitioners a money judgment for rent, treble damages for unlawful detention, and attorney fees.[2]

Attached to these complaints was a notice of motion for a writ of

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[2]At the time the instant proceeding was instituted, petitioners Michael Mihans and Laurel Akers sought relief against the writ of immediate possession issued in an unlawful detainer action brought against them in the respondent court (action No. 26226) by Lorraine Frey. The proceedings as to these parties are moot in view of the representation to this court that said petitioners have abandoned the premises and that Frey has regained possession of the premises.

immediate possession pursuant to section 1166a. Said notice stated that on the day noticed for the hearing of said motion plaintiff would move for a writ of possession on the ground that defendants have no property that is subject to execution sufficient to satisfy the amount of damages sought to be recovered by plaintiff. The hearing on this motion was stayed by the Superior Court of Alameda County pursuant to its alternative writ of prohibition and writ of review directed to respondent municipal court. Following argument on the legal issues as to whether section 1166a constitutes a taking of property from petitioners without due process of law and discriminates against persons without property so as to amount to a denial of the equal protection of the laws, the superior court denied the petition for a peremptory writ of prohibition, discharged the alternative writ, and vacated the order staying the hearing upon the notice for a writ of immediate possession. We thereupon issued an alternative writ of prohibition which ordered Leverette and the respondent court to desist and refrain from any further proceedings based on the motions for immediate possession pending our determination as to whether a peremptory writ of prohibition should issue.

We observe here that although an appeal lies from an order denying a petition for a writ of prohibition (see § 904.1), the question whether a petitioner has an adequate remedy by appeal is one for the court entertaining the application primarily to decide. (*Mallarino* v. *Superior Court,* 115 Cal.App.2d 781, 785 [252 P.2d 993].) Since prohibition lies to restrain the issuance of court orders based on unconstitutional statutes (*Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 462-463 [171 P.2d 8]; *Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481, 483 [171 P.2d 21, 166 A.L.R. 701]), and in view of the summary nature of the proceedings provided in section 1166a we decide that an appeal is not a speedy or adequate remedy by which to determine the important constitutional issues presented by the instant petition and the response thereto.

At the outset we note that the constitutional challenge is only to section 1166a, and then only to certain provisions thereof. Section 1166a, in its entirety, reads as follows: "Upon filing the complaint the plaintiff may, upon motion, have immediate possession of the premises by a writ of possession issued by the court and directed to the sheriff of the county, or constable or marshal, for execution, where it appears to the satisfaction of the court, after a hearing on the motion, from the verified complaint and from any affidavits filed or oral testimony given by or on behalf of the parties, that the defendant is insolvent, or has no property that is subject to execution sufficient to satisfy the amount of damages sought to be recovered by the plaintiff, or resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons. Written notice of the hearing on

the motion must be served on the defendant by the plaintiff in accordance with the provisions of Section 1011, and must inform the defendant that he may file affidavits on his behalf with the court and may appear and present testimony on his behalf, and that if he fails to appear the plaintiff will apply to the court for the writ of possession. The plaintiff shall file an undertaking with good and sufficient sureties, to be approved by the judge, in such sum as shall be fixed and determined by said judge, to the effect that if the plaintiff shall fail to recover judgment against the defendant for the possession of said premises, or if the suit be dismissed, that plaintiff will pay to defendant such damages, not to exceed the amount fixed in said undertaking, as may be sustained by the defendant by reason of such dispossession under said writ of possession. An action to recover such damages shall be commenced by the defendant in a court of competent jurisdiction within one year from the date of entry of dismissal or of final judgment in favor of the defendant."

Petitioners' claim of unconstitutionality is directed to that portion of section 1166a which provides that the plaintiff may have immediate possession of the premises by a writ of possession where it appears to the satisfaction of the court upon the proof adduced as provided in the section "that the defendant is insolvent, or has no property that is subject to execution sufficient to satisfy the amount of damages sought to be recovered by the plaintiff, . . ." Petitioners argue that by permitting eviction of the defendant-tenant upon this showing even before trial of the unlawful detainer action on the merits deprives them of property without due process of law. In response to this contention real party in interest urges that petitioners have no property interests of any kind which they could be deprived of without due process because of their failure to pay rent.

The right of a tenant to the continued use of his rented property is a substantial and valuable right and until it has been judicially determined that such right has been forfeited because of the failure to meet certain conditions in the rental agreement, such as the obligation to pay rent, the right is entitled to judicial protection. (See *Mendoza* v. *Small Claims Court,* 49 Cal.2d 668, 672 [321 P.2d 9].) As stated in *Mendoza,* quoting from *Hocking Valley Coal Co.* v. *Rosser,* 53 Ohio St. 12 [41 N.E. 263, 265], " 'The right to retain property already in possession is as sacred as the right to recover it, when dispossessed.' " (P. 672.)

Adverting to due process, we observe that the essence of this concept is fair play. (*Galvan* v. *Press,* 347 U.S. 522, 530 [98 L.Ed. 911, 921, 74 S.Ct. 737].) Implicit in the notion of fairness and central to our legal and social system is the idea that if the interest being defended is of value, the defendant ought to have his "day in court" and the opportunity to be heard. (See *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306,

314 [94 L.Ed. 865, 873, 70 S.Ct. 652].) Accordingly, the highest courts of this land have dealt over and over again with the question of what constitutes the "right to be heard" within the meaning of procedural due process. Recently, prejudgment wage garnishment statutes have been overturned by both the United States and the California Supreme Courts on due process grounds upon the basis that such garnishment without notice or hearing violates the fundamental principles of due process. (*Sniadach* v. *Family Finance Corp.*, 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]; *McCallop* v. *Carberry*, 1 Cal.3d 903 [83 Cal.Rptr. 666, 464 P.2d 122].) The thrust of these decisions is that such garnishment statutes violate due process because they provide for the taking of property prior to the hearing upon the merits of the plaintiff's claim against the defendant and afford the sole opportunity to be heard *after* the taking.

In the light of the foregoing principles applicable to procedural due process we proceed to consider the constitutional sufficiency of the subject statute. In order to place the analysis of the questions presented in proper focus it is expedient that we set out, in brief, the procedures provided for in the California unlawful detainer statutes. The basic statute is section 1161 which specifies when a tenant is guilty of unlawful detainer. Among these specifications is possession after a default in the payment of rent. In the latter instance the statute provides for the service of a three-day notice upon the tenant to either pay rent or surrender possession of the property. (§ 1161, subd. 2; § 1162.) If the rent is not paid or the possession of the premises is not surrendered within the time specified in the notice, the landlord may bring an unlawful detainer setting forth the facts upon which he seeks to recover the possession of the premises. (§ 1166.) After the tenant is served with the summons and complaint the tenant has three days in which to file a pleading (§ 1167), and when the case is at issue it is set for trial and has precedence over all other civil actions excepting those to which special precedence is given by law. (§ 1179a.[3])

Pursuant to the provisions of section 1166a the landlord-plaintiff may, however, obtain immediate possession of the premises *upon filing the complaint* and *before trial* if he proceeds under that section and makes the showing therein provided. Thus, if he establishes to the satisfaction of the court that the tenant-defendant is insolvent or has no property that is subject to execution sufficient to satisfy the amount of damages sought to be recovered by the landlord-plaintiff, the latter is entitled to immediate possession of the premises if he posts a bond in a sum determined by the judge. That bond is to the effect that if the plaintiff shall fail to recover judgment

---

[3]Section 1179a provides that precedence is to be given to unlawful detainer actions "in the matter of the setting the same for hearing or trial, and in hearing the same, to the end that all such actions shall be quickly heard and determined."

against the defendant for the possession of said premises, or if the action is dismissed, that the plaintiff will pay to the defendant such damages, not exceeding the amount of the bond, as may have been sustained by reason of such dispossession.

As originally enacted in 1937, section 1166a provided for no hearing whatsoever prior to the issuance of the writ of immediate possession, and the writ could be issued on the basis of the verified complaint or affidavit. In 1969 the section was amended to provide for notice and hearing. That hearing, as is clear from the language of section 1166a, is limited to a determination as to whether "the defendant is insolvent, or has no property that is subject to execution sufficient to satisfy the amount of damages sought to be recovered by the plaintiff, or resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

Under the rationale of *Sniadach* and *McCallop,* it is clear that section 1166a, as originally enacted, was unconstitutional since it did not provide notice or hearing of the application for a writ of immediate possession.[4] Since that constitutional infirmity has been remedied by the 1969 amendment, our inquiry is directed to whether section 1166a is unconstitutional with respect to the instances asserted by petitioner, notwithtanding that it affords the defendant notice and hearing of the proceedings seeking immediate possession of the premises. This inquiry necessitates, initially, that we consider the nature of an unlawful detainer proceeding.

■ An unlawful detainer action is a summary proceeding the primary purpose of which is *to obtain possession of real property* in the cases specified in section 1161. (*Union Oil Co. of Cal.* v. *Chandler,* 4 Cal.App.3d 716, 721 [84 Cal.Rptr. 756]; *Fontana Industries, Inc.* v. *Western Grain & Fertilizer Co.,* 167 Cal.App.2d 408, 411 [334 P.2d 611]; *Arnold* v. *Krigbaum,* 169 Cal. 143, 146 [146 P. 423].) ■ Accordingly, the general rule has *emerged* that, since the sole issue before the court is the right to possession, neither a counterclaim nor a cross-complaint, nor affirmative defenses, are admissible in an action in unlawful detainer except where the tenant has *voluntarily* surrendered possession before the issues of fact are finally joined or where the tenant-defendant asserts an equitable defense which, if it is made out, negates the facts or conditions upon which the right to terminate the tenancy depends. (*Union Oil Co. of Cal.* v. *Chandler, supra,* at pp. 721-722, 725.)

---

[4]This procedure was declared unconstitutional in 1937 by a specially convened three-judge panel of the San Francisco Municipal Court. (See Dillon v. Cockrell, San Francisco Municipal Court, No. 109588; *The Recorder* (San Francisco) September 22, 1937.)

In view of the foregoing it is clear that, except where the tenant voluntarily surrenders possession before the issues of fact are joined, the primary issue to be determined in an unlawful detainer action is the right to the possession of the premises. Since the tenant has a right to retain property in his possession under the terms of his tenancy, the issue to be determined is whether he has lost the right to possession. That determination, in turn, depends on whether or not the tenant is "guilty of unlawful detainer" as specified in section 1161. It is equally clear, therefore, that the procedure provided for in section 1166a, insofar as it limits the issue to the insolvency of the tenant or his ability to respond in damages, deviates from the primary purpose of the unlawful detainer action, that is, the determination of the right to possession. It is clear from the language of the statute that the hearing is restricted to a determination of the tenant's solvency and that the right to immediate possession is determined not upon the basis of whether the tenant is guilty of unlawful detainer but upon the tenant's solvency. Accordingly, the landlord is awarded immediate possession because the tenant is insolvent although later, upon the trial on its merits, it might be determined that the landlord is not entitled to possession.

The unfairness of the procedure prescribed in section 1166a is demonstrated by the following situation: Under Civil Code sections 1941 and 1942 the tenant is permitted to make repairs of certain dilapidations which the landlord ought to repair, but neglects to do so, where the expenditure does not exceed one month's rent of the premises. When the tenant makes such repairs he can deduct the expenses of such repairs from the rent. Accordingly, if the tenant deducts the amount of the repairs from the rent and a dispute arises between the tenant and the landlord as to the propriety of the deduction, resulting in the landlord's bringing an unlawful detainer action for nonpayment of rent, the tenant must wait until the action is tried on the merits to establish his defense that the rent was in fact paid by a proper deduction for repairs. In the meantime the landlord can secure possession by invoking section 1166a, and since in that proceeding the issue is limited to the solvency of the tenant, the tenant is deprived of his property interest without a hearing, even though he might have a perfectly valid defense in the underlying action. The fact that he is subsequently successful in establishing his defense is merely an anticlimax which does not regain him the possession of the premises but only affords him an action for damages which cannot exceed the amount of the bond which the landlord filed as a condition for the issuance of the writ of immediate possession. This remedy may be of little solace to a tenant who was evicted from his home, not because he was guilty of unlawful detainer, but merely because he was insolvent under section 1166a. An equally incongruous situation is where, in the example just posed, the tenant was not found to be insolvent

but was found to have no property that was subject to execution sufficient to satisfy the amount of damages sought to be recovered by the landlord. Upon this finding he could be evicted although upon a trial of the case on the merits it was subsequently determined that the landlord was not entitled to any damages.

In view of the foregoing we conclude that section 1166a, although it affords notice and hearing, deprives a defendant of due process because it offends the primary purpose of an unlawful detainer action and because it flouts the concept of fairness implicit in due process. In sum, due process is not afforded by the type of notice and hearing provided for in section 1166a because these procedures are not aimed at establishing the validity, or at least the probable validity, of the underlying claim against the tenant, that is, the landlord's claim to the right of possession based on facts establishing that the tenant is guilty of unlawful detainer. The validity, or at the very least the probable validity, of such claim should be established against the tenant before he can be deprived of his property or its unrestricted use. (See concurring opinion by Harlan, J. in *Sniadach* v. *Family Finance Corp., supra,* 395 U.S. 337, 342-343 [23 L.Ed.2d 349, 354-355].)

Petitioners' second contention alleges that section 1166a is invalid "because it denies to poor persons as a class, on the basis of their poverty alone, procedural rights given others and therefore violates equal protection standards." Before considering this contention we observe that all laws are usually to some extent inherently unequal. Laws are usually based on classifications of persons or property. Such classifications, if not arbitrary or made merely for the purpose of classification, are not violative of equal protection, when based upon some natural and reasonable distinction in the classes, and having a substantial relation to the legitimate object to be accomplished. (See *Telegraph Ave. Corp.* v. *Raentsch,* 205 Cal. 93, 98 [269 P. 1109, 61 A.L.R. 366]; *Gulf, Colorado & Santa Fe Ry.* v. *Ellis,* 165 U.S. 150, 155 [41 L.Ed. 666, 668, 17 S.Ct. 255]; *Whittaker* v. *Superior Court,* 68 Cal.2d 357, 367 [66 Cal.Rptr. 710, 438 P.2d 358].) Not all classifications based upon economic status are unconstitutional if a rational basis exists in their support. (*Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U.S. 541 [93 L.Ed. 1528, 69 S.Ct. 1221].) The presumption is in favor of the classifications based on legislative experience and it will not be rejected unless plainly arbitrary. (*Borden's Farm Products Co.* v. *Baldwin,* 293 U.S. 194, 209 [79 L.Ed. 281, 288, 55 S.Ct. 187]; *Bilyeu* v. *State Emp. Retirement System,* 58 Cal.2d 618, 623 [24 Cal.Rptr. 562, 375 P.2d 442]; *Professional Fire Fighters, Inc.* v. *City of Los Angeles,* 60 Cal.2d 276, 288 [32 Cal.Rptr. 830, 384 P.2d 158]; *County of Los Angeles* v. *Superior Court,* 62 Cal.2d 839 [44 Cal.Rptr. 796, 402 P.2d 868].) What

the equal protection clause of the Fourteenth Amendment prohibits is "invidious discrimination." (*Ferguson* v. *Skrupa,* 372 U.S. 726, 732-733 [10 L.Ed.2d 93, 98-99, 83 S.Ct. 1028, 95 A.L.R.2d 1347]; *Williamson* v. *Lee Optical of Okla., Inc.,* 348 U.S. 483, 488-489 [99 L.Ed. 563, 572-573, 75 S.Ct. 461]; *People* v. *Shipman,* 62 Cal.2d 226, 232 [42 Cal.Rptr. 1, 397 P.2d 993].)

 In view of these principles we conclude that section 1166a in the context of our discussion deprives insolvent tenants of the equal protection of the laws. Our conclusion is not based upon a distinction between the "poor" and the "rich," since in some instances such a classification may be rationally proper, but upon the basis that the distinction between the solvent and the insolvent in the context of the unlawful detainer statutes has no substantial or reasonable relationship to the legitimate object of an unlawful detainer action. As pointed out above, the primary purpose of an action in unlawful detainer is for the recovery of the possession of property, the recovery of rent or damages being a mere incident to the main object. (See *Markham* v. *Fralick,* 2 Cal.2d 221, 226-227 [39 P.2d 804]; *Arnold* v. *Krigbaum, supra,* 169 Cal. 143, 146.) "When the main object of the action fails, the incidents fall with it." (*Markham* v. *Fralick, supra,* at p. 227; see *Chase* v. *Peters,* 37 Cal.App. 358, 360-362 [174 P. 116].) As noted in *Chase* "the only damages recoverable in such a proceeding are the damages caused by the unlawful detainer." (P. 362.)

Since the purpose of section 1166a is to give immediate possession to the landlord where the tenant is insolvent on the apparent rationale that he may not respond to damages *if* the landlord ultimately prevails in the unlawful detainer action, it is clear that the primary object of section 1166a is to ascertain whether the tenant is solvent or has sufficient property subject to execution so as to satisfy the judgment which the landlord may obtain for the damages incident to the unlawful detainer action. Accordingly, if the tenant is insolvent or does not have property subject to execution he must immediately surrender the premises; if he is solvent he cannot be compelled to do so. If the solvent tenant prevails in the main action he remains in possession; but if the insolvent tenant prevails he is not restored to possession. This is an "invidious discrimination." Therefore, in the context of section 1166a, it is equally clear that the equal protection issue is inextricably interwoven with the due process infirmity.[5]

---

[5]We note in passing our doubts as to the constitutionality of the subject aspects of section 1166a on the basis of vagueness and uncertainty. It has been urged that this statute is not "clear and definite enough for a man of average intelligence to know

The petition is dismissed as to petitioners Mihans and Akers. The peremptory writ is granted as to the other petitioners.

Sims, J., and Elkington, J., concurred.

both his rights and liabilities." (See Comments: *California's Writ of Immediate Possession: Landlords and The Courts* v. *The Indigent Tenant,* 10 Santa Clara Law. 162, at p. 162.) The guide to adjudicating whether a defendant is "insolvent" or has sufficient property that is subject to execution "to satisfy the *amount of damages sought* to be recovered by the plaintiff" (italics added) appears to be couched upon terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application so as to be violative of the first essential of due process. (See *Connally* v. *General Constr. Co.,* 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. 126]; *In re Berry,* 68 Cal.2d 137, 156 [65 Cal.Rptr. 273, 436 P.2d 273].) Accordingly, does solvency depend upon the financial ability of the defendant to respond to the damages in the complaint alleged to have been sustained by the plaintiff, or for three times such amount in view of the provisions of section 1174 providing that in rendering the judgment the court in its discretion may allow treble damages?