[Civ. No. 39345. Second Dist., Div. Two. Feb. 9, 1972.]

VIRGINIA R. ORTLEB et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MACCO CORPORATION et al., Real Parties in Interest.

## COUNSEL

McKenna & Fitting, Aaron M. Peck and Marshall Manley for Petitioners.

No appearance for Respondent.

Tuttle & Taylor, Eli Chernow, C. Stephen Howard, Charles B. Rosenberg, Launer, Chaffee & Hanna and Steven L. Rothrock for Real Parties in Interest.

## OPINION

FLEMING, J.—Petition for writ of mandate to require the Superior Court of Los Angeles County to vacate its orders quashing two writs of attachment and levies thereunder issued against nonresident corporate defendants pursuant to subdivisions 2 and 3 of Code of Civil Procedure section 537. The orders quashing the attachments were made on the authority of *Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13], which recently held subdivision 1 of section 537 unconstitutional. We issued an alternative writ and heard argument in this and a companion case having two of the same real parties in interest: *Property Research Financial Corp.* v. *Superior Court* (2d Civ. No. 39331) *ante,* p. 413 [100 Cal.Rptr. 233].

Petitioners filed suit in December 1970 against Gleneagle Estates, a California corporation, Macco Corporation (Macco), a Delaware corporation, GSC Development Corporation (Development), a Texas corporation, Great Southwest Corporation (GSC), a Texas corporation and 250 Does. They pleaded 19 causes of action, later amended to 23, based on contract and tort (fraud), and sought approximately two million dollars in damages. In March 1971 petitioners filed a declaration for attachment against all defendants under subdivision 1 of section 537, and thereafter caused writs to be issued and levies made on real properties in two counties. Property levied upon in Orange County was owned by real party in interest Capistrano Highlands, a California corporation, and property levied upon in San Diego County was owned by real party in interest Scripps Miramar Development Company, also a California corporation. Both owners are wholly owned subsidiaries of Development; both intervened in the action below subsequent to the time of the levies.

When the *Randone* decision invalidated subdivision 1 of section 537, petitioners amended their declarations, as allowed by section 558, to invoke attachment against Development and Macco under subdivisions 2 (for the contractual actions) and 3 (for the fraud actions), averring the nonresidence of those corporations. Thereafter, respondent court ordered the writs and levies quashed on the ground of the unconstitutionality of subdivision 2. The contentions of the real parties in interest are the same as those made in the companion case of *Property Research Financial Corp.* v. *Superior Court, supra, ante,* p. 413, decided this date, and for the reasons stated in that opinion we hold subdivision 2 valid and constitutional.

The peremptory writ of mandate is granted, and respondent court is ordered to annul its orders quashing the writs of attachment.

Roth, P. J., and Compton, J., concurred.

A petition for a rehearing was denied March 6, 1972, and the petitions of real parties in interest GSC Development Corporation, Capistrano Highlands and Scripps Miramar Development Company for a hearing by the Supreme Court were denied April 6, 1972.