[Civ. No. 39647. Second Dist., Div. Two. Mar. 6, 1972.]

NORMAN LEFTON et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
KLEINER, BELL & CO., INC., Real Party in Interest.

## COUNSEL

Rich & Ezer and Mitchel J. Ezer for Petitioners.

No appearance for Respondent.

Kadison, Pfaelzer, Woodard & Quinn and Howard P. King for Real Party in Interest.

## OPINION

**FLEMING, J.—** Norman and Sylvia Lefton petition for a writ of mandate to compel the trial court to set aside its order granting the motion

of Kleiner, Bell & Co. to be relieved of a stipulation regarding release of an attachment. The trial court stayed its order pending appellate review.

In March 1970 the Leftons filed an action against Kleiner, Bell & Co., a Delaware corporation, to rescind contracts for the purchase of stock and for money had and received. Pursuant to Code of Civil Procedure section 537, subdivision 1, the Leftons attached $32,000 which Kleiner, Bell & Co. had on deposit with the United California Bank. In April 1970 attorneys for the Leftons and Kleiner, Bell & Co. signed a letter agreement: The Leftons agreed to release the attached bank account and *not to initiate any further attachment*; Kleiner, Bell & Co. agreed to deposit $28,070 in trust to secure any judgment the Leftons might receive.

Subsequently the Supreme Court ruled unconstitutional Code of Civil Procedure section 537, subdivision 1. (*Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13].) Kleiner, Bell & Co. moved in the trial court to be relieved of its stipulation to keep money in trust on the ground that there had been a failure of consideration for the stipulation. The trial court granted the motion.

We think the trial court erred. The Leftons' agreement with Kleiner, Bell & Co. is supported by consideration. ■ The relinquishment of a legal right constitutes sufficient consideration for a contract. (*Blonder* v. *Gentile,* 149 Cal.App.2d 869, 875 [309 P.2d 147].) ■ The Leftons agreed not to initiate any further attachment on Kleiner, Bell & Co. property. Although the Leftons no longer hold the right to attach under section 537, subdivision 1, they still hold the right to attach under section 537, subdivision 2. That subdivision provides for attachment upon property in an action upon a contract, express or implied, against a defendant not residing in this state. This is an action upon a contract. As a Delaware corporation, Kleiner, Bell & Co. is a nonresident for purposes of section 537, subdivision 2. (*Warner Mfg. Co.* v. *Standard etc. Co.,* 97 Cal.App.2d 494 [218 P.2d 131]; *Title Insurance and Trust Co.* v. *California Development Co.,* 171 Cal. 173, 218 [152 P. 542].) ■ This court has held that section 537, subdivision 2, is valid under the due process and equal protection clauses of the state and federal Constitutions. (*Property Research Financial Corp.* v. *Superior Court,* Civ. 39331, *ante,* p. 413 [100 Cal.Rptr. 233], filed 9 February 1972.)

Let the peremptory writ issue.

Roth, P. J., and Compton, J., concurred.