[Civ. No. 28898. First Dist., Div. Two. Apr. 18, 1972.]

THE PEOPLE ex rel. EVELLE J. YOUNGER, as Attorney General, Plaintiff and Respondent, v.
ALLSTATE LEASING CORPORATION, Defendant and Appellant.

## COUNSEL

Norman Spellberg and George Collins for Defendant and Appellant.

Evelle J. Younger, Attorney General, and Richard I. Gilbert, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ROUSE, J.**—This is an appeal by defendant Allstate Leasing Corporation from an order denying its motion to quash a writ of attachment levied by plaintiff State of California (hereafter "State") against defendant's bank accounts.

The record shows that the State brought suit against Allstate and various individuals alleged to be its employees and agents, seeking to enjoin defendants from defrauding the public by means of false and misleading advertising and misrepresentation. The State also sought to recover monetary penalties, under Business and Professions Code, section 17536, for each act of false and misleading advertising. In addition, it was alleged that Allstate was transacting intrastate business in California without having obtained a certificate of qualification pursuant to Corporations Code, section 6403; and the State sought to recover the civil penalties prescribed by Corporations Code, sections 6403 and 6408, for carrying on unauthorized business in California.

Contemporaneous with the filing of the complaint, the State filed a declaration for the attachment of Allstate's funds pursuant to Code of Civil Procedure, section 537, subdivision 5, which authorizes a prejudgment attachment "[i]n an action by the State of California or any political subdivision thereof, for the collection of taxes due said state or political subdivision, or for the collection of any moneys due upon any obligation or penalty imposed by law."

The attachment was effected without prior notice to defendant Allstate and was levied upon California bank accounts of Allstate containing some $15,000. Allstate moved to quash the attachment, asserting that Code of Civil Procedure, section 537, subdivision 5, was unconstitutional. The lower court denied the motion to quash. .

█ The instant appeal involves but one question—whether Code of Civil Procedure, section 537, subdivision 5, violates procedural due process because it fails to meet the requirements laid down by our Supreme Court in *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13].

In the *Randone* case, the court held that Code of Civil Procedure, section 537, subdivision 1,[1] was unconstitutional on its face because it authorized prejudgment attachment without notice or an opportunity to be heard upon the filing of any action on an express or implied contract for the payment of money. The court found subdivision 1 to be fatally overbroad, in that it did not limit its operation to specific categories of property owned by a defendant (such as non-necessities or real estate) nor to extraordinary circumstances in which summary seizure might actually be required. The court engaged in an extended discussion of the extraordinary circumstances which could justify prejudgment attachment without notice or hearing and noted that they had been found to exist where there was an immediate need for the protection of the health or financial welfare of the general public by authorized government officials. The court also indicated that a defendant's status as a nonresident might constitute an extraordinary circumstance justifying summary attachment, since it furnished

---

[1]Code of Civil Procedure, section 537, subdivision 1, authorizes prejudgment attachment "In an action upon a contract, express or implied, for the direct payment of money, (a) where the contract is made or is payable in this state; or (b) where the contract is made outside this state and is not payable in this state and the amount of the claim based upon such contract exceeds five thousand dollars ($5,000); and where the contract described in either (a) or (b) is not secured by any mortgage, deed of trust, or lien upon real or personal property, or any pledge of personal property, or, if originally so secured, such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless."

quasi-in-rem jurisdiction and was unlikely to deprive the debtor of necessities.[2]

The court concluded, "We do not doubt that a constitutionally valid prejudgment attachment statute, which exempts 'necessities' from its operation, can be drafted by the Legislature to permit attachment generally after notice and a hearing on the probable validity of a creditor's claim [citations], and even to permit attachment before notice in exceptional cases where, for example, the creditor can additionally demonstrate before a magistrate that an actual risk has arisen that assets will be concealed or that the debtor will abscond. [Citation.] The subdivision at issue, however, draws none of these relevant distinctions and provides none of the necessary procedural safeguards and . . . this court cannot properly undertake the wholesale redrafting of the provision which is required." (P. 563.)

When the guidelines set down in *Randone* are applied to subdivision 5 of Code of Civil Procedure, section 537, it becomes apparent that subdivision 5 suffers from the same overbreadth as subdivision 1.

Subdivision 5, as noted above, authorizes prejudgment attachment, without notice or hearing, by the state or any political subdivision, for the collection of money due on any obligation or penalty imposed by law. Clearly, this provision is devoid of any language limiting its operation to specific categories of property owned by a defendant. In the language of the *Randone* case, "since the provision is drafted so broadly that it permits the attachment of a debtor's 'necessities of life' prior to a hearing upon the validity of the creditor's claim, it . . . violates due process." (*Randone* v. *Appellate Department, supra,* 5 Cal.3d at p. 547.)

Further, it is apparent that that portion of subdivision 5 with which we are here concerned contains no language limiting its effect to extraordinary situations where there is a need for immediate governmental action to protect the general public, and that it likewise requires no showing of an actual risk that the defendant may conceal his assets or abscond. Subdivision 5 merely classifies the state and its political subdivisions as preferred creditors whenever they bring suit to collect any monetary obligation imposed by law. This classification has "no rational relation to either the public's or creditors' need for extraordinary prejudgment relief." (*Randone* v. *Appellate Department, supra,* at p. 541.)

---

[2]Code of Civil Procedure, section 537, subdivision 2, which authorizes prejudgment attachment against nonresidents, has since been upheld by the Court of Appeal in *Property Research Financial Corp.* v. *Superior Court* (1972) 23 Cal.App.3d 413 [100 Cal.Rptr. 233].

The order appealed from is reversed and the matter remanded to the trial court with directions to quash the writ of attachment levied upon Allstate's bank accounts.

Taylor, P. J., and Kane, J., concurred.

A petition for a rehearing was denied May 18, 1972, and the opinion was modified to read as printed above.