[Civ. No. 38958. Second Dist., Div. Four. June 13, 1972.]

VICTORIA A. DAMAZO et al., Plaintiffs and Appellants, v.
JOHN MacINTYRE, as Marshal, etc., et al., Defendants and Respondents.

## COUNSEL

Childers, Schwartz, Wayman & Malley and David P. Schwartz for Plaintiffs and Appellants.

Edwin M. Osborne, County Counsel, and Shannon Trower, Assistant County Counsel, for Defendants and Respondents.

## OPINION

DUNN, J.—Plaintiffs Victoria Damazo and Isaleen Weathers filed a taxpayers' complaint in the superior court against John MacIntyre, Marshal of Ventura County, and William E. Hill, Sheriff of Ventura County.[1] Plaintiffs alleged they were residents and taxpayers of Ventura County. They complained that the defendants, in their official capacities, were required by Code of Civil Procedure sections 537-561 to effect pre-

---

[1]Other plaintiffs and defendants named in the complaint were eliminated by stipulation and by court orders. This effectually eliminated from the complaint the first cause of action. We are here concerned with a second cause of action, only.

judgment attachments of property of defendants in actions for money damages without a hearing first being held to determine the merits of the claim or notice of any such hearing being given; that such code sections failed to grant due process to these unknown defendants and therefore they are violative of the Constitutions of the United States and California; that in performing their duties under these sections, defendants had illegally expended, and threatened to continue illegally expending, public funds; for these reasons plaintiffs sought a declaration that Code of Civil Procedure section 537 et seq. are void, and asked that defendants be enjoined from acting under color of such code sections.

Defendants' demurrer was sustained on all grounds pleaded but with leave given plaintiffs to amend. The only ground here pertinent is the ground of failure to state any cause of action. When plaintiffs declined to amend the court dismissed the action. Plaintiffs have appealed.

A taxpayer's action is authorized by Code of Civil Procedure section 526a reading in part: "An action to obtain a judgment, restraining and preventing any illegal expenditure of . . . funds . . . of a county . . . of the state, may be maintained against any officer thereof . . . by a citizen resident therein . . . who is assessed for and is liable to pay, or . . . has paid, a tax therein." Respondents contend the present suit merely solicits an advisory opinion inasmuch as plaintiffs do not allege themselves to be a party to any prejudgment attachment proceeding who is either a creditor or debtor. Respondents rely upon *People* ex rel. *Lynch* v. *Superior Court* (1970) 1 Cal.3d 910 [83 Cal.Rptr. 670, 464 P.2d 126]. That case, however, was not a taxpayer's action and is not in point. Indeed, the court later held specifically that *Lynch* was inapplicable to an action which meets the requirements of Code of Civil Procedure section 526a. (*Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 269 [96 Cal.Rptr. 42, 486 P.2d 1242].) In the case before us, the complaint's allegations comply with the code section. (Also see: *Wirin* v. *Parker* (1957) 48 Cal.2d 890, 894 [313 P.2d 844].)

Although the complaint sought a declaration that all of part 2, title 7, chapter 4 of the Code of Civil Procedure (Code Civ. Proc.. §§ 537-561) be declared illegal and void, the parties limit their arguments to consideration of Code of Civil Procedure section 537, only. For that reason we likewise so limit ourselves.

Code of Civil Procedure section 537 contains six subdivisions and begins by saying, in part: "The plaintiff, at the time of issuing the summons . . . may have the property of the defendant attached, except earnings of the defendant as provided in Section 690.6, as security for the satis-

faction of any judgment that may be recovered, unless the defendant gives security to pay such judgment . . . in the following cases:" The six subdivisions follow, each appropriately titled, the first being editorially entitled* "Unsecured contract; support actions." Constitutionality of that subdivision will not be considered here since it was declared invalid in *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13].

Appellants concede that the various subdivisions of Code of Civil Procedure section 537 are constitutionally severable. ■ As stated in *Hamer* v. *Town of Ross* (1963) 59 Cal.2d 776, 789 [31 Cal.Rptr. 335, 382 P.2d 375]: " ' "The accepted doctrine . . . is that the constitutional portions of the statute may stand alone and remain in force if they can be separated from the portions which are void. The unconstitutional provisions will not vitiate the whole act, unless they enter so entirely into the scope and design of the law, that it would be impossible to maintain it without such obnoxious provisions." ' " Appellants contend, however, that all of the remaining subdivisions must fall because each contains the same vice found by *Randone* to exist in subdivision 1.

Subdivisions 2 to 6, inclusive, of Code of Civil Procedure section 537, are respectively entitled editorially*: "2. Contracts of nonresidents and absentees; 3. Damages for injuries by nonresidents or absentees; 4. Unlawful detainer; unsecured rent; 5. Actions by state or political subdivision for taxes or on obligations; 6. Actions for recovery of funds expended in narcotics investigations." None of these subdivisions provides for a hearing on the merits before a writ of attachment may issue, nor do they provide for the giving of notice of any such hearing, and it is contended no subdivision is limited in use to those "extraordinary circumstances" mentioned in *Sniadach* and *Randone*. Relying upon *Sniadach* v. *Family Finance Corp.* (1969) 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820], our own Supreme Court stated in *Randone* (p. 547): ". . . rather than creating a special constitutional rule for wages, the *Sniadach* opinion returned the entire domain of prejudgment remedies to the long-standing procedural due process principle which dictates that, except in extraordinary circumstances, an individual may not be deprived of his life, liberty or property without notice and hearing."[2]

---

*The subdivision headings quoted are from West's Annotated Codes.

[2]Contrast the statement with one in *Western Bd. of Adjusters, Inc.* v. *Covina Pub., Inc.* (1970) 9 Cal.App.3d 659, 674 [88 Cal.Rptr. 293], preceding *Randone* by one year: "A final contention is made on appeal, based on *Sniadach* . . . , that the remedy of attachment in suits of this nature is unconstitutional. The cited case is limited to wages. The situation in contracts such as sales of merchandise is not of

■ Subdivision 3[3] of section 537, Code Civil Procedure, relates to damage suits for personal injuries or alleged wrongful death, brought "against a defendant, not residing in this state, or who has departed from the state, or who cannot after due diligence be found within the state, or who conceals himself to avoid service of summons . . . ." This language is identical with that of subdivision 2. We agree with the court in *Property Research, supra,* 23 Cal.App.3d 413, wherein it states (p. 421): "We conclude that a 'situation requiring special protection to a state or creditor interest' (*Sniadach* p. 339 [23 L.Ed.2d p. 352]) is present in nonresident attachment, and that consequently the statute authorizing its use is constitutionally valid."

■ Subdivision 6 relates to an action by the State of California, or a political subdivision thereof, to recover funds expended in narcotics investigations pursuant to section 11680.5 of the Health and Safety Code.[4] The latter code section relates to recovery of public funds paid to a seller of narcotics for a narcotics "buy." Moneys found on such narcotics seller at the time of his arrest, as well as other assets, are made subject to attachment by subdivision 6 of Code of Civil Procedure section 537.

Appellants argue that the section effectively defeats the rights of an accused to bail. (Cal. Const., art. I, § 6.) We disagree. First, the subdivision does not apply to every narcotics seller but only to one who has sold contraband to an officer, agent, informer or whoever else may have been supplied the public funds used to make the "buy." Second, a nar-

---

constitutional dimension. If there is to be any change in the law, it should be implemented by the Legislature." A petition for hearing by the Supreme Court was denied.

[3]The decisional status of cases considering the constitutionality of section 537 is as follows, as of this date:

*Subdivision 1*: was held unconstitutional by our state Supreme Court in *Randone, supra.* On January 11, 1972 a petition for certiorari was filed with the United States Supreme Court (Docket No. 71-898) which has not yet acted upon the petition.

*Subdivision 2:* was declared constitutional in 1971 in *National General Corp.* v. *Dutch Inns of America, Inc.,* 15 Cal.App.3d 490, 495-497 [93 Cal.Rptr. 343] by this division, and in 1972 by division 2 of this district in *Property Research Financial Corp.* v. *Superior Court* (1972) 23 Cal.App.3d 413 [100 Cal.Rptr. 233]. A petition for hearing by our Supreme Court was denied in each case.

*Subdivision 5*: was held unconstitutional April 18, 1972 by the First District, Division 2, in *People* v. *Allstate Leasing Corp.,* 24 Cal.App.3d 973 [101 Cal.Rptr. 470].

The constitutionality of subdivisions 3, 4, and 6 has, as yet, not been expressly determined by an appellate court.

[4]Health and Safety Code section 11680.5 reads, in pertinent part: "The State of California, or any political subdivision thereof, may maintain an action against any person or persons engaged in the unlawful sale of narcotics for the recovery of any public funds paid over to such person or persons in the course of any investigation of violations of Division 10 (commencing with Section 11000) of the Health and Safety Code."

cotics seller who has received public funds for the sale of contraband should not be entitled to post such funds, received from the public fisc, to secure his release from a confinement which assures his presence for trial of the charge against him. Third, although his other assets also are subject to the subdivision, such attachment is only for the purpose of insuring that public funds paid to him will be repaid.

We find no unconstitutionality in the subdivision. Bearing in mind the ease and rapidity with which narcotic sellers may transfer both assets and themselves out of the state, we conclude that a situation is described "requiring special protection," inasmuch as recovery of public funds paid to narcotics sellers is sought.

█ Subdivision 4 permits an attachment of property of a defendant in an unlawful detainer action. In oral argument, appellants' counsel stated that "so far as subdivision 4 is concerned, there no longer is any dispute as to its propriety." Whether counsel meant "propriety" or "impropriety" we cannot say, since further mention of the subdivision was not made in argument. In any event, no case directly dealing with its constitutionality has been brought to our attention. Thus, *Mihans* v. *Municipal Court* (1970) 7 Cal.App.3d 479 [87 Cal.Rptr. 17] discusses the constitutionality of Code of Civil Procedure section 1166a which provides for issuance of writs of possession in unlawful detainer cases. Although *Mihans* is related to our own problem, since it attributes much of its reasoning to *Sniadach, supra,* and to *McCallop* v. *Carberry* (1970) 1 Cal.3d 903 [83 Cal.Rptr. 666, 464 P.2d 122], a prejudgment wage garnishment case, *Mihans* is not a direct authority on the point involved here. (Also see: *Cline* v. *Credit Bureau of Santa Clara Valley* (1970) 1 Cal.3d 908 [83 Cal.Rptr. 669, 464 P.2d 125].) *Randone, supra,* dealt only with subdivision 1 of the attachment statute. *Blair* v. *Pitchess, supra,* dealt with claim and delivery sections of the same code. (Code Civ. Proc., §§ 509-521.) *People* ex rel. *Lynch* v. *Superior Court, supra,* represented a direct challenge to the entire section 537, but the Supreme Court declined to give an opinion which, under the circumstances, would have been purely advisory.

On the reasoning of *Randone, supra,* we must conclude that subdivision 4 is unconstitutional. It allows for attachment of a defendant's property without any prior hearing. As stated in *Randone* (p. 541): "The recent line of cases, commencing with *Sniadach,* reaffirms the principle that an individual must be afforded notice and an opportunity for a hearing before he is deprived of any significant property interest, and that exceptions to this principle can only be justified in 'extraordinary circumstances.'" An

"extraordinary circumstance" no more appears in an unlawful detainer action than it does in an action on an unsecured contract, or for support, such as provided for by subdivision 1. That subdivision was held unconstitutional in *Randone*.

The judgment dismissing the action is reversed, each side to bear its own costs. The trial court is instructed to take such action as is not inconsistent with this opinion.

Files, P. J., and Jefferson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 9, 1972.