[Civ. No. 31218. First Dist., Div. Two. June 19, 1972.]

RICHARD BANKS et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
WILLARD V. GRANT, Real Party in Interest.

## COUNSEL

Jack Miller and Richard L. Katz for Petitioners.

No appearance for Respondent.

Eugene T. Wade for Real Party in Interest.

## OPINION

**ROUSE, J.**—Petitioners seek a writ of mandate to compel the Superior Court of the City and County of San Francisco to vacate its order denying a motion for a writ of attachment of real property of a nonresident defendant, made pursuant to Code of Civil Procedure, section 537, subdivision 3.

The record discloses that petitioners, partners in a travel agency located in San Francisco, brought an action against their former partner, now residing in Chicago, for damages caused by reason of the defendant's fraudulent misappropriation of partnership funds. Contemporaneous with the filing of the complaint, petitioners filed a declaration for attachment of real property of the nonresident defendant located in San Bruno, California, pursuant to Code of Civil Procedure, section 537, subdivision 3, which authorizes a prejudgment attachment "In an action *against a defendant, not residing in this state,* or who has departed from the state,

·or who cannot after due diligence be found within the state, or who conceals himself to avoid service of summons, to recover a sum of money as damages, arising from an injury to or death of a person, or damage to property in this state, in consequence of negligence, fraud, or other wrongful act." (Italics added.) The court issued an ex parte order restraining the defendant from disposing of the property pending a hearing on a motion for attachment.

Real party, the nonresident defendant, appeared and opposed the motion, asserting that Code of Civil Procedure, section 537, subdivision 3, was unconstitutional, in light of *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13]. After a hearing on the motion, the court denied the motion for writ of attachment and dissolved the temporary restraining order.

In *Randone* v. *Appellate Department, supra,* the court held Code of Civil Procedure, section 537, subdivision 1, which authorizes prejudgment attachment of any property of the defendant-debtor, without prior notice or hearing, upon the filing of an action or an express or implied contract for the payment of money, to be fatally overbroad in that it had not been narrowly drawn to confine such deprivation to those "extraordinary circumstances" in which a state or creditor interest of overriding significance might justify summary procedures.

In *People* v. *Allstate Leasing Corp.* (1972) 24 Cal.App.3d 973 [101 Cal.Rptr. 470] this court held that Code of Civil Procedure, section 537, subdivision 5, suffered from the same overbreadth as subdivision 1. We noted, however, that the court in *Randone* had indicated that a defendant's status as a *nonresident* might constitute an extraordinary circumstance justifying summary attachment, since it furnished quasi-in-rem jurisdiction and was unlikely to deprive the debtor of necessities.

We also noted that Code of Civil Procedure, section 537, subdivision 2, which authorizes prejudgment attachment in actions upon a contract, express or implied, against a defendant *not residing in this state,* had withstood an attack upon its constitutionality in *Property Research Financial Corp.* v. *Superior Court* (1972) 23 Cal.App.3d 413 [100 Cal.Rptr. 233]. (See also *Ortleb* v. *Superior Court* (1972) 23 Cal.App.3d 424 [100 Cal.Rptr. 471]; *Lefton* v. *Superior Court* (1972) 23 Cal.App.3d 1018 [100 Cal.Rptr. 598].)

The court in *Property Research Financial Corp.* v. *Superior Court, supra,* noted that modern long-arm statutes (Code Civ. Proc., § 410.10 et seq.) had reduced the need for foreign attachment as a means of obtain-

ing jurisdiction over a nonresident defendant, but that increased mobility of persons and property across state lines had created a greater need for the use of foreign attachment to safeguard the collectibility of any judgment that may be recovered against a nonresident defendant, stating: "Prior notice and hearing inevitably provide the non-resident debtor with opportunity to defeat the primary purpose of foreign attachment by transferring his assets to his home state before the desired attachment can take effect. In summary attachment against nonresidents the element of surprise is vital to the effectiveness of the procedure and indispensable to the state's interest in making its process locally effective." (P. 419.)

The court balanced the creditor's claim to *effective* process against the nonresident debtor's claim to *due* process (notice and hearing prior to attachment), noting that the "attachment of a nonresident's property will not ordinarily involve his necessities for day-to-day living, and in this respect it contrasts with the garnishment of wages in *Sniadach* and the attachment of the small bank account in *Randone*. The court in *Randone* took account of this difference when it commented on the historical setting of *Ownbey*: 'Moreover, because the assets subject to attachment consisted of only those items located outside the debtor's home state, there was less possibility that such property would include "necessities" required for day-to-day living; consequently the resulting hardship to the debtor would frequently be minimal.' (P. 554.)" (P. 420.)

After noting that three federal district courts since *Sniadach* had upheld the validity of foreign attachment, the court concluded that a " 'situation requiring special protection to a state or creditor interest' (*Sniadach*, p. 339 [23 L.Ed.2d p. 352]) is present in nonresident attachment, and that consequently the statute authorizing its use is constitutionally valid." (*Property Research Financial Corp.* v. *Superior Court, supra*, 23 Cal. App.3d at p. 421.)

■ The purpose to be served by Code of Civil Procedure, section 537, subdivision 3, parallels that of Code of Civil Procedure, section 537, subdivision 2. The statutes differ only in that subdivision 3 applies in actions for damages whereas subdivision 2 applies in actions upon contract. We conclude that the same "situation requiring special protection to a state or creditor" interest found to exist in *Property Research Financial Corp.* v. *Superior Court, supra,* is present in prejudgment attachment against nonresidents under Code of Civil Procedure, section 537, subdivision 3, and that statute is likewise constitutionally valid.

Let a peremptory writ of mandate issue directing the respondent court to annul its order of March 10, 1972, and upon petitioners' compliance

with Code of Civil Procedure, section 539, to permit the issuance of a writ of attachment against the described real property of the nonresident defendant.

Taylor, P. J., and Kane, J., concurred.