[L. A. No. 29661. In Bank. Jan. 30, 1970.]

THE PEOPLE ex rel. THOMAS C. LYNCH,
as Attorney General, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY et al.,
Respondents.

## Counsel

Thomas C. Lynch, Attorney General, Herschel T. Elkins, John F. McLaren and Andrea Sheridan Ordin, Deputy Attorneys General, for Petitioner.

Brundage, Neyhart, Miller, Ross & Reich, Daniel Feins, Joe C. Ortega, Eugene M. Swann and Peter N. Hagberg as Amici Curiae on behalf of Petitioner.

John D. Maharg, County Counsel, Edward H. Gaylord and Robert C. Lynch, Assistant County Counsel, and Michael H. Dougherty, Deputy County Counsel, for Respondents.

Jones, Baxley, Crouch & McCarty, A. Morgan Jones, James M. Conners, Vernon D. Stokes, Morrison, Foerster, Holloway, Clinton & Clark, Robert D. Raven, Paul E. Homrighausen, Alexander B. Aikman, Anderson, McPharlin & Conners, Peter R. Regal, Charles J. Katz, Samuel W. Blum, Louis C. Hoyt, Philip M. Rosten, William K. Day, Gibson, Dunn & Crutcher, Samuel O. Pruitt, Jr., and John L. Endicott as Amici Curiae on behalf of Respondents.

## Opinion

**BURKE, J.**—The Attorney General, on behalf of the People of the State of California, seeks by petition for writ of mandate to secure a determination from this court that the provisions of section 537 of the Code of Civil Procedure, which specify the actions in which prejudgment attachment may issue, are void in their entirety. Cited in support of the petition is *Sniadach* v. *Family Finance Corp.* (1969) 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]. We issued an order to show cause.

As ruled in the companion cases of *McCallop* v. *Carberry, ante,* p. 903 [83 Cal.Rptr. 666, 464 P.2d 122] and *Cline* v. *Credit Bureau, ante,* p. 908 [83 Cal.Rptr. 669, 464 P.2d 125], California's prejudgment wage garnishment procedures violate procedural due process requirements, under the rationale of *Sniadach.* Those cases deal with actual or threatened prejudgment levies upon the wages of the parties litigant, upon alleged claims of indebtedness.

■ In the present proceeding, however, there is before us no alleged debtor or creditor who is party to a prejudgment attachment of any property whatsoever, wages or otherwise, and who seeks relief with respect thereto.

The Attorney General avers that "The various clerks, sheriffs, and marshals of the State of California [who issue and serve writs of attachment] . . . wish to be advised as to what the law is in the State of California" with reference to application of the *Sniadach* ruling to California's prejudgment attachment procedures. The Attorney General requests us to provide such advice.

The rendering of advisory opinions falls within neither the functions nor the jurisdiction of this court. (See Cal. Const., art. III, § 1; art. VI, §§ 10, 11; see also Gov. Code, § 68808; *Hill* v. *Hill* (1947) 79 Cal.App. 2d 368 [180 P.2d 378].)[1]

The order to show cause is discharged as improvidently issued, and the petition is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

---

[1]We, of course, do not question the authority of the Attorney General to file any civil action for the enforcement of the laws of the state or the United States Constitution, which in the absence of legislative restriction he deems necessary for the protection of public rights and interests. (Cal. Const., art. V, § 13; *People* ex rel. *Mosk* v. *Lynam* (1967) 253 Cal.App.2d 959 [61 Cal.Rptr. 800]; *People* v. *Arthur Murray, Inc.* (1965) 238 Cal.App.2d 333 [47 Cal.Rptr. 700]; *Don Wilson Builders* v. *Superior Court* (1963) 220 Cal.App.2d 77 [33 Cal.Rptr. 621]; *People* v. *New Penn Mines, Inc.* (1963) 212 Cal.App.2d 667, 671 [28 Cal.Rptr. 337]; *People* ex rel. *Mosk* v. *National Research Co. of Cal.* (1962) 201 Cal.App.2d 765 [20 Cal.Rptr. 516]; 6 Cal.Jur.2d, Attorney General, § 12, p. 16.)