[Crim. No. 16213. First Dist., Div. Four. Sept. 7, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES FOX, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Appellant.

Mintz, Giller, Himmelman & Mintz and Richard S. Kessler for Defendant and Respondent.

## OPINION

**RATTIGAN, J.**—An information filed against respondent James Fox charged him, in several counts, with having violated various penal

statutes pertaining to voter registration and other features of the electoral process. The second count accused him of having violated section 115 of the Penal Code[1] by procuring and filing a false affidavit of voter registration in the office of the Alameda County Registrar of Voters.[2] Upon respondent's motion for an order setting aside several counts of the information pursuant to section 995, the trial court dismissed as to the second count. The People appeal from the order of dismissal.

In *People* v. *Fraser* (1913) 23 Cal.App. 82 [137 P. 276], the defendant was charged by information with having violated section 115 in that he had "procured" a false certificate of birth "to be filed, registered, and recorded in the office of the state board of health." (*Id.,* at pp. 83-84.) The People appealed from an order in which his demurrer to the information was "allowed solely upon the ground that . . . [it] . . . did not state facts sufficient to constitute a public offense." (*Id.,* at p. 84.) The Court of Appeal affirmed the order upon the basis that the term "instrument," as used in section 115 (see fn. 1, *ante*), did not include a birth certificate because decisional authorities (which the court cited) required that the term be defined to include only "an agreement expressed in writing, signed, and delivered by one person to another, transferring the title to or creating a lien on real property, or giving a right to a debt or duty." (*People* v. *Fraser, supra,* at pp. 84-85.)

 It appears that the present trial court dismissed the second count upon the ground that an affidavit of voter registration was not an "instrument" within the meaning of that term as used in section 115 and as thus defined in *Fraser*.[3] The principal point raised on the People's

---

[1]All statutory references herein are to the Penal Code. Section 115 provides: "Every person who knowingly procures or offers any false or forged *instrument* to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, or registered, or recorded under any law of this state or of the United States, is guilty of felony." (Italics added.)

[2]As pertinent, the second count read: " . . . JAMES FOX is . . . accused by the District Attorney of the County of Alameda . . . of a felony, to wit: a *violation of Section 115* of the Penal Code . . . , in that on or about the 16th day of March, 1975, . . . said defendant . . . did wilfully, unlawfully and knowingly procure and offer to be filed, registered and recorded, a false and forged instrument, to wit: an Affidavit of Registration of ALBERT SIMMS in the office of the Registrar of Voters of the County of Alameda, a public office of the State of California, said purported Affidavit of Registration being an instrument which, if genuine, might be filed, registered and recorded under the laws of the State of California and the United States." (Italics added.)

[3]On respondent's section 995 motion as addressed to the second count, both sides briefed the effect of the *Fraser* definition at length. Granting the motion as to that count, the trial court stated from the bench that "Penal Code section 115 applies to instruments and a registration to vote is not an instrument."

appeal is accordingly a challenge of the validity of the *Fraser* definition of the term.

The definition is now vintage law, and the Attorney General's arguments against it are not implausible. They are nevertheless not new, either. In *People* v. *Olf* (1961) 195 Cal.App.2d 97 [15 Cal.Rptr. 390], the People appealed from a similar order setting aside a count of an indictment in which the defendant was charged with having violated section 115 by filing a false "instrument" in the form of an application for a permit to issue securities. (*Id.,* at p. 101.) The Court of Appeal affirmed the order as to that count (*id.,* at p. 111) after quoting the *Fraser* definition of the term "instrument" as set forth above, citing post-1913 decisions which had relied upon it in varying degrees[4] (*id.,* at pp. 109-110), and rejecting the People's challenge of its validity in this language: "The attorney general suggests that [the *Fraser*] interpretation of the statute [section 115] is overly rigid and that it would be proper for this court to find that the filing of the application for the permit here was in fact a violation of Penal Code, section 115. This argument, while it might well be persuasive in the absence of previously decided cases, would, under the existing law and the above cited decisions [see fn. 3, *ante*], appear to be one that should be addressed to the Legislature rather than the judiciary. When a code section has received such interpretation for such a considerable period of time, namely, since the decision of the *Fraser* case in 1913, it would appear to be unwise for a court to change such interpretation in order to subject one to a possible criminal liability." (*People* v. *Olf, supra,* 195 Cal.App.2d 97, at p. 110.)

The *Olf* court's reasoning reflects an application of the settled principle of statutory interpretation that "[w]here a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it." (*People* v. *Hallner* (1954) 43 Cal.2d 715, 719 [277 P.2d 393]; *People* v. *Stamp* (1969) 2 Cal.App.3d 203, 210 [fn. 3] [82 Cal.Rptr. 598]; *People* v. *Obie* (1974) 41 Cal.App.3d 744, 754 [116 Cal.Rptr. 283].) The reasoning also reflects an application, generally, of the doctrine of stare decisis. (See 6 Witkin, Cal. Procedure

---

[4]The *Olf* court here cited *Jennings* v. *American President Lines* (1943) 61 Cal.App.2d 417 [143 P.2d 349, 144 P.2d 54] (a deposition is not an "instrument" [p. 422]), *Rich* v. *Ervin* (1948) 86 Cal.App.2d 386 [194 P.2d 809] (declaration of homestead not an "instrument" [p. 390]), and *People* v. *Wood* (1958) 161 Cal.App.2d 24 [325 P.2d 1014] (certain false documents filed with the Department of Motor Vehicles not "instruments" within the meaning of section 115 [pp. 25, 28-29]). (*People* v. *Olf, supra,* 195 Cal.App.2d 97, at p. 110.)

(2d ed. 1971) Appeal, § 653, pp. 4570-4571.) The Attorney General's present arguments against the validity of the *Fraser* definition appear to be indistinguishable from those rejected in the *Olf* case, where the Supreme Court denied a hearing. (See *People* v. *Olf, supra,* 195 Cal.App.2d 97, at p. 111; *DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 178 [18 Cal.Rptr. 369, 367 P.2d 865]; *Phillips* v. *Bartolomie* (1975) 46 Cal.App.3d 346, 351 [121 Cal.Rptr. 56] [hg. also den., at p. 355].)

■ For the several reasons thus indicated, we follow *Olf* and apply the *Fraser* definition once again. ■ "Our conclusion, of course, is also compelled by the established policy 'to construe a penal statute as favorably to the defendant as its language and the circumstances of its application reasonably permit; . . . the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute.' " (*People* v. *Walker* (1976) 18 Cal.3d 232, 242 [133 Cal.Rptr. 520, 555 P.2d 306] [quoting *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 (87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420)]. See 1 Witkin, Cal. Crimes (1963) § 16, pp. 18-19.)

Having reached our conclusion for the reasons expressly stated above, we need not consider other arguments addressed to the merits of the *Fraser* definition of the term "instrument" as used in section 115. The conclusion requires affirmance of the order of dismissal upon the ground that an affidavit of voter registration is not an "instrument" within that definition. (See *People* v. *Fraser* as quoted *supra,* 23 Cal.App. 82, at pp. 84-85; *People* v. *Wood* [cited in fn. 4, *ante*], 161 Cal.App.2d 24, at pp. 25, 28-29; *People* v. *Olf, supra,* 195 Cal.App.2d 97, at pp. 109-110.)

Anticipating this result, the People request "appellate guidance" as to which of several specified statutes *would* underlie a prosecution of respondent for the acts alleged in the second count. We may not respond to the request without rendering an advisory opinion which would fall "within neither the functions nor the jurisdiction of this court." (*People* ex rel. *Lynch* v. *Superior Court* (1970) 1 Cal.3d 910, 912 [83 Cal.Rptr. 670, 464 P.2d 126]. See *Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 875 [127 Cal.Rptr. 110, 544 P.2d 1310].)

The order of dismissal is affirmed.

Caldecott, P. J., and Christian, J., concurred.