Filed 7/29/15  P. v. Hemati CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HOOTAN HEMATI,<br><br>    Defendant and Appellant. | G050071<br><br>(Super. Ct. No. M15269)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Hootan Hemati appeals from the court's denial of his petition for a certificate of rehabilitation and pardon. (Pen. Code, § 4852.01 et seq.)[1] We affirm the order. Because defendant was convicted of driving under the influence of marijuana during his rehabilitation period, the court did not abuse its discretion by denying his petition.

FACTS

*Defendant's Petition for Rehabilitation and Pardon*

On January 31, 2014, defendant filed a petition for a certificate of rehabilitation and pardon (the 2014 rehabilitation petition), stating he had suffered (1) a 2005 conviction of commercial burglary for which he was committed to prison and then released on parole in 2006; (2) a 2004 conviction of commercial burglary for which he was placed on probation; and (3) two 2003 convictions for possessing controlled substances for sale for which he was placed on probation.

Defendant attached his apology letter (addressed to the Orange County District Attorney, among others), in which he stated the following. When he was a community college student, he became addicted to drugs, "which was a main contributor to [his] convictions for crimes of moral turpitude." He transferred to the University of California, Riverside, where he earned a 3.4 grade point average by the time he graduated in 2009. One week before his graduation ceremony in May 2009, after a party thrown for him by his friends for his upcoming graduation, he was stopped close to his house and arrested for driving under the influence of marijuana. "By seeking therapy, going to DUI treatment classes, and hearing the personal accounts of many[, he had] come to the

---

[1] All statutory references are to the Penal Code unless otherwise stated.
The court's denial of defendant's petition is appealable as an appeal from a final judgment. (See *People v. Ansell* (2001) 25 Cal.4th 868, 880, 893.)

realization that there is no excuse for driving under the influence and [he was] deeply saddened and sorry for [his] actions." Defendant had subsequently received a law degree from Cardiff Law School in the United Kingdom and had been admitted to the Master of Laws program at Chapman University, School of Law (Chapman).

Defendant also attached many letters of recommendation from professors at Chapman, Cardiff University Law School, and the University of California, Riverside. One Chapman law school professor stated that, from what the professor had seen, he believed defendant was "truly rehabilitated since 2005." Another Chapman law school professor stated defendant "takes full responsibility for his [criminal] conduct and . . . has been highly responsible ever since in pursuing a path of not only rehabilitation, but commendable achievement." Defendant also attached his 2014 Master of Laws degree from Chapman.

*The District Attorney's Opposition to the 2014 Rehabilitation Petition*

The district attorney opposed defendant's 2014 rehabilitation petition because of defendant's 2010 misdemeanor conviction for driving under the influence and because the letters attached to his petition seemed "to attest more to his academic ability than his moral character and the issue of his rehabilitation."

The opposition revealed the following details of defendant's criminal record. In May 2002, he had been placed on probation for three years for committing petty theft. (§§ 484, 488.)

In July 2003, he pleaded guilty to having possessed for sale both marijuana (Health & Saf. Code, § 11359) and concentrated cannabis (Health & Saf. Code, § 11357). He was placed on probation for three years.

In February 2004, he pleaded guilty to burglary (§§ 459, 460, subd. (b)), after he went into a Costco store and tried to return an unpurchased Sony PlayStation 2

3

for a refund, using a receipt from a prior purchase. He was placed on probation for three years.

In January 2005, he pleaded guilty to burglary (§§ 459, 460, subd. (b)), after an October 2004 incident where he went into a Ralph's grocery store and tried to return unpurchased items for a refund, using a discarded receipt he had found outside. He was sentenced to a two-year prison term which was suspended, and he was placed on probation for three years. In May 2005, he admitted a probation violation, and his two-year prison sentence was executed.

On May 24, 2009, he was arrested for driving under the influence. (Veh. Code, § 23152, subd. (a).) On June 10, 2010, he was convicted of the misdemeanor and placed on probation for three years.

In September 2010, defendant moved to expunge his prior convictions pursuant to section 1203.4, under which a court, "in its discretion and the interests of justice, [may] dismiss the accusations or information against the defendant" and, with statutorily specified exceptions, the defendant is thereafter "released from all penalties and disabilities resulting from [the] offense . . . ." (§ 1203.4, subd. (a)(1).) The court dismissed the 2003 marijuana and cannabis possession convictions, the 2004 Costco burglary conviction, and the 2009 driving under the influence conviction, but not the 2005 Ralph's grocery store burglary conviction.

In August 2012, defendant filed a petition for rehabilitation which was heard and denied in September 2012. The record contains no further details about the denial of defendant's 2012 petition.

*The Hearing and the Court's Ruling*

At the April 11, 2014 hearing on the 2014 rehabilitation petition, defense counsel argued defendant's driving under the influence conviction "was not the traditional D.U.I.": "There was no alcohol involved. It occurred after [defendant] had

4

graduated from U.C. Riverside and attended a graduation party. He had been there until 3:00 in the morning, hadn't been sleeping, and decided to drive home. The officer thought that he was swerving and pulled him over, had him do tests, et cetera." Defendant completed a three-month treatment program. He had been a medical marijuana patient since 2004. He voluntarily completed 45 hours of community service (instead of paying a fine) and 18 sessions of therapy.

The court made the following findings. Defendant was released on parole in 2006. His seven-year period of rehabilitation ended in 2013. He was convicted in 2010 "for conduct occurring in 2009, in the middle of the period of rehabilitation. It thus does not appear that [he] lived an honest and upright life, conducted himself with sobriety and industry, exhibited good moral character, and conformed to and obeyed the laws of the land during his rehabilitation period," as required under section 4852.05. Based on the 2010 conviction and the district attorney's opposition to defendant's rehabilitation petition on that basis, the court denied defendant's 2014 rehabilitation petition without prejudice.

DISCUSSION

*The Court Did Not Abuse Its Discretion When It Denied Defendant's 2014 Rehabilitation Petition*

Defendant contends the court abused its discretion by denying his 2014 rehabilitation petition.

"With certain exceptions . . . , the certificate of rehabilitation procedure is available to convicted felons who have successfully completed their sentences, and who have undergone an additional and sustained 'period of rehabilitation' in California. (§ 4852.03, subd. (a) [imposing general minimum requirement of five years' residence in this state, plus an additional period typically ranging between two and five years

5

depending upon the conviction]." (*People v. Ansell*, *supra*, 25 Cal.4th at p. 875.)  A person may petition for a certificate of rehabilitation only after the rehabilitation period has passed.  (§ 4852.03, subd. (b).)  During the rehabilitation period, "[a] person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." (§ 4852.05; *People v. Lockwood* (1998) 66 Cal.App.4th 222, 228; *People v. Zeigler* (2012) 211 Cal.App.4th 638, 652.)  If, after a hearing, the court finds the petitioner's course of conduct shows he or she is rehabilitated and fit "to exercise all of the civil and political rights of citizenship, the court may make an order declaring that the petitioner has been rehabilitated, and recommending that the Governor grant a full pardon to the petitioner." (§ 4852.13, subd. (a).)  Section 4852.13 "gives courts the express discretion to decide whether a petitioner has demonstrated to its satisfaction" the petitioner's rehabilitation and fitness.  (*Lockwood*, at p. 228).)  "The standards for determining whether rehabilitation has occurred are high." (*Zeigler*, at pp. 653-654.)  "[T]here is no circumstance under which the statutory scheme requires or guarantees issuance of a certificate of rehabilitation by the superior court." (*Id.* at p. 654.)  If the court receives "satisfactory proof" that the petitioner has violated a law during the rehabilitation period, "the court may deny the petition and determine a new period of rehabilitation not to exceed the original period of rehabilitation for the same crime." (§ 4852.11.)[2]

---

[2]    In his reply brief, defendant requests this court to define the period in which he can reapply pursuant to section 4852.11, an issue discussed in *People v. Failla* (2006) 140 Cal.App.4th 1514, 1522.  That issue is not before us at the present time, however. (*People ex rel. Lynch v. Superior Court* (1970) 1 Cal.3d 910, 912 [reviewing court does not issue advisory opinions]).  Furthermore, defendant does not challenge the trial court's ruling in this respect.  Moreover, we do not address arguments raised in the reply brief. (*Provost v. Regents of Univesity of California* (2011) 201 Cal.App.4th 1289, 1295.)

Here, defendant was convicted of driving under the influence of marijuana during his rehabilitation period.  On appeal he argues that "driving while sleepy" does not demonstrate an intent "to violate any law or to be of bad moral character."  He further argues he has a prescription for medical marijuana and that a "positive test for marijuana merely indicates the person has used marijuana sometime in the past 90 days."  Nonetheless, the record supports a finding defendant was driving unsafely and showed signs of being under the influence when he was stopped by an officer in the 2009 incident.  A court may deny a rehabilitation petition for violating "*any* laws during the rehabilitation period." (*People v. Zeigler*, *supra*, 211 Cal.App.4th at p. 654, italics added.)  The court did not abuse its discretion by denying defendant's 2014 rehabilitation petition.

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.

7