Filed 4/12/16  P. v. Wilkins CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEON EUGENE WILKINS,<br><br>    Defendant and Appellant. | H041434<br>(Santa Clara County<br> Super. Ct. No. C1480069) |

Defendant Leon Eugene Wilkins appeals from the superior court's order committing him to the Department of State Hospitals.  He contends that the court erred in failing to consider him for outpatient treatment and in failing to deduct credit for time served in jail from the three-year maximum commitment period.  Defendant concedes that his contentions are moot because he was restored to competency a few months after the court's order, and the criminal proceedings resumed and were resolved over a year ago.  He asks us to reach his contentions despite their mootness.  We decline.

## I.  Background

In April 2014, defendant was charged by felony complaint with a sex offender registration violation (Pen. Code, § 290.013, subd. (a)),[1] possession of a controlled

---

[1]    Subsequent statutory references are to the Penal Code unless otherwise specified.

substance (Health & Saf. Code, § 11377, subd. (a)), and misdemeanor vandalism (§ 594, subds. (a), (b)(2)(A)). The complaint also alleged that defendant had served a prison term for a prior felony conviction (§ 667.5, subd. (b)).

In May 2014, his trial counsel declared a doubt about his competency. The court found that there was a doubt about defendant's competency, and it suspended the criminal proceedings pending a determination of defendant's competency. Two doctors appointed by the court found defendant, who suffers from schizophrenia, to be incompetent to stand trial. In August 2014, the court ordered South Bay CONREP (CONREP) to prepare a treatment recommendation. CONREP's one-page treatment recommendation stated that defendant was ineligible for outpatient treatment under section 1601 and recommended a commitment to the Department of State Hospitals. CONREP's ineligibility determination was apparently premised on the nature of defendant's prior convictions for assault and battery.

In September 2014, defendant's trial counsel submitted the matter on CONREP's recommendation. The court accepted CONREP's recommendation, found defendant to be incompetent to stand trial, and committed him to the Department of State Hospitals for a maximum term of three years for care and treatment to restore his competency. The court did not award defendant any credit against this term for the time he had spent in jail prior to his commitment.

Defendant timely filed a notice of appeal from the court's commitment order. In December 2014, the court found that defendant's competence had been restored, and the criminal proceedings resumed. The complaint was amended to charge the possession count as a misdemeanor, and defendant entered no contest pleas to all three counts and admitted the prison prior allegation. He was granted probation conditioned on serving a one-year jail term.

Defendant's appointed appellate counsel notified this court of these developments in March 2015, prior to filing his opening appellate brief. In his opening appellate brief,

2

defendant's appellate counsel conceded that the appeal was moot but asked this court to exercise its discretion to consider the issues despite this court's inability to afford defendant any relief.

"The primary purpose of the public judiciary is 'to afford a forum for the settlement of litigable matters between disputing parties.' [Citation.] We do not resolve abstract legal issues, even when requested to do so. We resolve real disputes between real people." (*Neary v. Regents of University of California* (1992) 3 Cal.4th 273, 281-282.) "The rendering of advisory opinions falls within neither the functions nor the jurisdiction of this court." (*People ex rel. Lynch v. Superior Court* (1970) 1 Cal.3d 910, 912.) "It is settled that 'the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132.)

"[T]here are three discretionary exceptions to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation]." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479-480.) None of the issues that defendant seeks to raise in this appeal are issues "of broad public interest." There is no likelihood of a recurrence of the controversy over these fact-dependent issues, and no material questions remain for our determination. Competency issues are not inevitably "so short-lived as to evade normal appellate review," as commitments are often for several years.

Defendant asserts that he has "an interest in clearing his name" (*People v. Delong* (2002) 101 Cal.App.4th 482, 488), but we cannot understand how our consideration of the issues he raises in his appeal would serve such a purpose. His eligibility for

3

outpatient treatment in this case has no impact beyond this case. We reject defendant's unsupported claim that CONREP's confidential recommendation in this case would establish on defendant's "permanent record" that he is ineligible for outpatient treatment. Nor can we conceive of any support for defendant's claim that his eligibility for outpatient treatment in some hypothetical future case could somehow depend on CONREP's confidential recommendation in this case. In any hypothetical future case, the court would likely obtain a new CONREP recommendation, and the validity of a CONREP recommendation could be challenged at that time. The credits issue he raises has no impact on him in this case or in any future case, and it has nothing to do with "clearing his name."

We decline to exercise our discretion to consider the issues that defendant raises in this indisputably moot case.

### III. Disposition

The appeal is dismissed.

4

_____
Mihara, J.

WE CONCUR:




_____
Bamattre-Manoukian, Acting P. J.




_____
Grover, J.

5