Filed 9/16/25  P. v. Roberts CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088445 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRF20-0016876) |
| JERON DANIEL ROBERTS, | **OPINION** |
| Defendant and Appellant. | |

-

### THE COURT*

APPEAL from an order of the Superior Court of Mariposa County.  Michael A. Fagalde, Judge.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

Defendant Jeron Daniel Roberts was convicted of multiple offenses pursuant to a plea agreement in 2023 and sentenced to a term of 17 years in prison. In 2024, defendant filed a motion asking the court to recall and resentence him pursuant to Penal Code section 1172.1, as amended by Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600), arguing the plea bargain provided for an unauthorized upper term under section 1170, subdivision (b) that should be corrected. The trial court denied defendant's request, concluding there was a stipulation to the aggravated term.

On appeal, defendant argues the court abused its discretion in denying his request for relief. The People contend the order appealed from is not appealable and, irrespective, the court did not abuse its discretion in denying defendant relief, noting there has been no change in the applicable sentencing law since defendant's judgment became final.

We conclude the order appealed from is not an appealable order and, accordingly, dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2022, defendant was charged by information with attempted first degree murder (Pen. Code, §§ 664, 187; count 1) with enhancement allegations that defendant personally used a firearm during the commission of the offense (§ 12022.53, subd. (b)) and that he had previously suffered a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)). (Undesignated statutory references are to the Penal Code.) He was also charged with assault with a firearm (§ 245, subd. (a)(2); count 2), with an enhancement allegation that he caused great bodily injury during the commission of the offense (§ 12022.7, subd. (a)), and being a felon in possession of a firearm (§ 29800, subd (a)(1); count 3).

On July 20, 2023, the information was amended to modify count 2 to assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)), and to add charges for

2.

criminal threats (§ 422; count 4) and false imprisonment (§ 236; count 5) and a prior serious felony enhancement (§ 667, subd. (a)).  Defendant pleaded guilty to counts 2, 3, 4, and 5, as alleged in the amended information and admitted suffering a prior strike conviction and prior serious felony conviction as part of a stipulated plea agreement.  At the plea hearing, defense counsel noted defendant would be "pleading to one count of … Section 245(a)(4), the aggravated term, because it would make it eight years." Additionally, he would "also be pleading to a … Section 422 violation, and … to … Section 236 and … Section 29800(a) together with a 667(a) status enhancement for five years, for a total term of 17 years."  Defendant confirmed on the record that he had an opportunity to talk with his counsel about his rights and the consequences of the pleas and admissions, and he completed the plea form.  He then pleaded no contest to the amended counts 2, 3, 4, and 5 and the prior serious felony enhancement and the strike prior conviction.  He also completed a "Plea Form, With Explanations and Waiver of Rights."  The parties stipulated to a factual basis for the plea based on the preliminary hearing transcript.

Pursuant to the agreement, the court sentenced defendant to an upper term of eight years on count 2, plus 16 months each on counts 3, 4, and 5, and five years for the prior serious felony conviction enhancement (§ 667, subd. (a)), for an aggregate sentence of 17 years.  The "Report of the Probation Officer On Sentencing Stipulated Prison Sentence" notes with regard to the proposed plea agreement that "[t]he parties agreed that [defendant] will receive the aggravated term of four (4) years on Amended Count II …, doubled by the previous strike conviction to eight years (8 years)."

On June 4, 2024, defendant submitted a "Motion to Correct Unauthorized Sentence Under Penal Code 1172.1."  In the motion, defendant asserted that Assembly Bill No. 600 amended former section 1170.03 (now § 1172.1) to give "the court jurisdiction to correct an unauthorized sentence by motion."  He argued that he "was sentenced to the upper aggravated term absent any aggravating factors," and "[t]he

3.

aggravated factor requirement is not waived by plea," citing *People v. French* (2008) 43 Cal.4th 36 and *Blakely v. Washington* (2004) 542 U.S. 296. He asserted the sentence for the assault conviction (count 2) "must be corrected to the mid-term of 3 years x 2 (Strike), bringing the total sentence to 15 years." He argued waiver and forfeiture principles did not apply because his sentence was unauthorized and his counsel was ineffective in failing to advise him the sentence was unlawful in that it exceeded the statutory maximum.

The court set the matter for a hearing on July 9, 2024. At the hearing, the prosecutor highlighted *People v. Sallee* (2023) 88 Cal.App.5th 330, review granted April 26, 2023, S278690, arguing the sentencing court lacks authority to modify the terms of a negotiated plea agreement. After reviewing section 1172.1, the signed plea agreement, and the transcripts from the plea hearing, the court concluded defendant understood this was a stipulated prison term of 17 years, and it denied his motion for resentencing. The court noted that section "1172.1 now allows the Court to recall a sentence, pretty much, at any time versus the four months that it used to be. And under [section] 1170(b)(2), if the aggravated term is to be imposed, the Defendant either has to stipulate to the facts leading to an aggravated term or a jury has to find those facts to be true beyond a reasonable doubt." The court stated it had looked at the sentencing transcript and the plea form that was signed by defendant on July 20, 2023, and "[i]t was very clear, in item 2-A, that this was going to be a prison commitment for a term of 17 years. In item 1, that showed a listing of the charges he was to plea[d] to and the sentencing ranges. And it was clear, as to the … Section 245 count, that it was the maximum term of four years, which would then be doubled by a strike to a total of eight. And that was part of the calculation to get to 17 years." The court concluded, "there was a stipulation to the aggravated term," noting "there were no specific facts laid out" but "the plea form indicated the factual basis for the plea was the preliminary hearing

4.

transcript, which … contained numerous facts that would qualify as aggravating, as far as the cruelty and other things involved in this particular offense."

## DISCUSSION

Defendant appeals from the court's denial of his request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 and section 1172.1. He contends the court's order denying relief affects his substantial rights, and the court erred in denying his request for relief such that the matter must be reversed and remanded. We conclude the order appealed from is not appealable; thus, the appeal must be dismissed.

## I.     Applicable Law

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) To obtain resentencing on a final judgment, a defendant generally must file a petition for writ of habeas corpus (see *People v. Picklesimer* (2010) 48 Cal.4th 330, 339) or proceed by way of a special statutory procedure (e.g., §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75). (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118.)

Section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation recommends recall and resentencing. (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) Assembly Bill No. 600 amended section 1172.1 to allow a court to now recall a sentence and resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) Accordingly, effective

5.

January 1, 2024, section 1172.1, subdivision (a)(1) provides the court may, "*on its own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (Italics added.) Section 1172.1, subdivision (a)(3) provides: "The resentencing court may, in the interest of justice and regardless of whether the original sentence was imposed after a trial or plea agreement, do the following: [¶] (A) Reduce a defendant's term of imprisonment by modifying the sentence. [¶] (B) Vacate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, with the concurrence of the defendant, and then resentence the defendant to a reduced term of imprisonment."

Notably, section 1172.1, subdivision (c) expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section." (*Ibid*.) Additionally: "If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid.*)

## II.  Analysis

Here, defendant contends he is eligible for relief pursuant to section 1172.1 because the law that was applicable at his sentencing hearing had since changed in light of *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*), which issued after sentence was pronounced in his case. According to defendant, *Gonzalez* provides that courts may unilaterally reduce sentences that do not conform with changes to section 1170, subdivision (b) within the context of section 1172.75 resentencing proceedings. He acknowledges section 1170 was amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) before his sentencing hearing on September 14, 2023, but contends "at the time, courts

6.

were guided by a series of decisions that are now pending review in the California Supreme Court, all of which exclusively concern whether a defendant has a right to withdraw from a previously negotiated plea agreement in nonfinal cases impacted by the changes to subdivision (b) of section 1170." He asserts that at the time of his sentencing hearing, none of these cases concluded a trial court could unilaterally disturb a plea agreement and reduce an upper term sentence that fails to conform to section 1170, subdivision (b)'s requirements. He argues, accordingly, he was eligible for discretionary resentencing relief under section 1172.1. And he contends the court abused its discretion in denying his request on "an illegitimate ground" when it "implicitly concluded that it was without authority to resentence [him] under the stipulated plea agreement." Rather, he contends section 1172.1 contains explicit language demonstrating the Legislature never intended for trial courts to be constrained by plea agreements in exercising their sentencing authority under section 1172.1, citing subdivision (a)(3), which provides a resentencing court may reduce a defendant's sentence irrespective of whether it was imposed pursuant to a plea agreement. In a supplemental brief, defendant contends the order appealed from is appealable because it affects his "substantial right to procedural due process," asserting he had a due process right that his invitation would be considered by the trial court in a thoughtful manner. Alternatively, he asks our court to deem his appeal a writ of proceeding, namely, a petition for writ of mandamus or habeas corpus, and to exercise our authority to dispose of this appeal as a subsequent writ. He cites *People v. Picklesimer*, *supra*, 48 Cal.4th at pages 339–342 in support of his request. The People argue the appeal must be dismissed because the court's order is not appealable. Alternatively, they assert, even if the order is deemed appealable, there have been no changes in law that affect defendant's sentence such that he is eligible for resentencing under section 1172.1. They contend *Gonzalez*, *supra*, 107 Cal.App.5th 312, which involved resentencing pursuant to section 1172.75, is not applicable here. Rather, section 1172.1 is "not similar to other resentencing laws" in that "proceedings are initiated only

by the trial court or certain law enforcement agencies, not based on the defendant being sentenced on a now-invalid enhancement or theory of guilt." Additionally, the People note the defendant in *Gonzalez* entered an open plea and did not agree to a stipulated plea agreement. Furthermore, they contend the court did not abuse its discretion in denying defendant's petition for resentencing because defendant agreed to the stipulated sentence. We agree with the People that the appeal must be dismissed because the order appealed from is not appealable.

Initially, it bears worth noting, as defendant acknowledges, that Senate Bill No. 567 amended section 1170, effective January 1, 2022, well before defendant entered into the stipulated plea agreement in this matter in July 2023 and before he was sentenced pursuant to the agreement.[1] (Stats. 2021, ch. 731, § 1.) There is no evidence in the record that defendant or his counsel objected to the imposition of the upper term on count 2. To the contrary, defendant acknowledged he was advised of his constitutional rights, including his right to a jury or court trial, and that he had an opportunity to discuss his rights and waiver thereof with his attorney and he waived such rights as part of the plea agreement. The court found a factual basis existed for the plea and admissions, and that defendant had expressly, knowingly, understandingly, and intelligently waived his constitutional and statutory rights.

And, for the reasons that follow, we cannot conclude the court's denial of defendant's subsequent June 2024 request that the court initiate recall and resentencing proceedings on its own motion pursuant to section 1172.1 is an appealable order. Rather,

---

[1]Section 1170, as amended by Senate Bill No. 567, provides that the trial court "shall," in its discretion impose a sentence "not to exceed the middle term" (§ 1170, subd. (b)(1)) except in the following circumstance: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of" an upper term sentence, and "the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); Stats. 2021, ch. 731 § 1; see *People v. Lynch* (2024) 16 Cal.5th 730, 748.)

"'"[i]t is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]'" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable. However, section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.'" (*Teal*, *supra*, at p. 598.)

But, here, the court's order denying defendant's request that it initiate recall and resentencing proceedings on its own motion cannot be said to affect defendant's substantial rights such that it constitutes an appealable order. Section 1172.1, subdivision (c) expressly provides that the trial court may choose not to respond to a defendant's invitation for the court to initiate recall and resentencing proceedings on its own motion pursuant to section 1172.1, subdivision (a) as amended by Assembly Bill 600. (§ 1172.1, subd. (c).) By stating a court may decline to respond to a defendant's request for relief under the statute, the language of section 1172.1, subdivision (c) establishes there is no affirmative obligation on a trial court to consider a defendant's request for relief or initiate recall and resentencing proceedings in response thereto. And, if a court has no duty to respond to—let alone grant—a defendant's request for relief, it follows that a defendant has no *right* to the initiation of recall and resentencing proceedings. Thus, where, as here, the court issues an order denying such relief, it cannot be said to affect the defendant's substantial rights as would be required for such a postjudgment order to be appealable. (§ 1237, subd. (b).) That is, the statutory language of section 1172.1 provides a basis as to why a defendant should be precluded from raising the court's alleged erroneous failure to initiate recall and resentencing proceedings on appeal. (Cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1167; *People v. Carmony* (2004) 33 Cal.4th 367, 376.)

While defendant acknowledges that "the plain language of the statute does not grant him a due process right to a hearing or a ruling via a traditional motion process," he contends, "when the Legislature explicitly confers upon the trial court the authority to make a discretionary sentencing decision, this necessarily implies that the defendant, in the very least, has a due process right to thoughtful consideration of an invitation for resentencing." In support of his contention, defendant cites *Sanford v. Resnick* (2016) 246 Cal.App.4th 1121, which held in part, "'"'Failure to exercise a discretion *conferred and compelled by law* constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal.'"'" (*Id*. at p. 1133, italics added.) But, section 1172.1 does *not* compel the exercise of discretion "by law" when a defendant files an unauthorized request for recall and resentencing pursuant to section 1172.1. (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 993 ["the trial court … was not required to take any action in response to Hodge's request for resentencing" pursuant to § 1172].) Rather, the express language of the statute provides the court is not required to respond to a defendant's request made pursuant to section 1172.1, and it would contradict this clear language to read additional procedural requirements into the statute. (See *People v. Hodge*, *supra*, at pp. 997–998 ["section 1172.1 places no constraints on the trial court's decision declining to initiate reconsideration of a sentence on its own motion," and § 1172.1's "procedural requirements and criteria" "could not logically apply to a trial court's response to a defendant's unauthorized request for resentencing"].)

As defendant acknowledges, "due process requires that no person shall be deprived of a *substantial right* without notice and hearing." (*Mendoza v. Small Claims Court* (1958) 49 Cal.2d 668, 672, italics added.) And, as discussed, the express language of section 1172.1, subdivision (c) establishes a defendant does not have a right, let alone a substantial right, to court-initiated recall and resentencing proceedings under section 1172.1. Indeed, the statute states "[a] defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).) And, unlike the statutes at

issue in *Loper* and *Carmony*, when a defendant invites the court to initiate recall and resentencing proceedings on its own motion pursuant to section 1172.1, subdivision (a) as amended by Assembly Bill No. 600, section 1172.1, subdivision (c) expressly provides that the trial court may choose not to respond to the invitation, thereby absolving the trial court of any duty to take action upon, or to grant, a defendant's invitation requesting relief under the statute. (§ 1172.1, subd. (c).)

Because defendant has no right to relief (i.e., the defendant has no right to the court's initiation of recall and resentencing proceedings on its own motion pursuant to § 1172.1), an order denying such relief cannot be said to affect the defendant's substantial rights. (See *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1049 ["a defendant who requests recall and resentencing under section 1172.1 … does not have a substantial right at stake, and the trial court's decision on that request is not appealable"].) Accordingly, we conclude the order appealed from is not appealable, the appeal must be dismissed.[2]

We also decline defendant's request that we construe the instant appeal as a petition for writ of mandate or a petition for writ of habeas corpus and grant the defendant relief.[3] Rather, we conclude the issue is more appropriately raised in the trial court in the first instance by way of a petition for writ of habeas corpus. (See *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 ["Where a court may have been influenced by

---

[2]Given our conclusion that the order appealed from is not appealable, we do not reach the parties' arguments with regard to defendant's potential eligibility for relief under section 1172.1, subdivision (a). (See *People ex rel. Lynch v. Superior Court* (1970) 1 Cal.3d 910, 912 ["The rendering of advisory opinions falls within neither the functions nor the jurisdiction of this court"].)

[3]It bears noting there are "'[t]wo basic requirements … essential to the issuance of [a writ of mandate]: (1) A clear, present and usually ministerial duty upon the part of the respondent …; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty.'" (*Loder v. Municipal Court* (1976) 17 Cal.3d 859, 863; accord, *People v. Picklesimer*, *supra*, 48 Cal.4th at p. 339 [writ of mandate "is available to compel public agencies to perform acts required by law"].) "A ministerial duty is an obligation to perform a specific act in a manner prescribed by law whenever a given state of facts exists, without regard to any personal judgment as to the propriety of the act." (*Picklesimer*, *supra*, at p. 340.)

an erroneous understanding of the scope of its sentencing powers, habeas corpus is a proper remedy to secure reconsideration of the sentence imposed…. The petition should be filed in the sentencing court"]; see also *People v. Fuhrman* (1997) 16 Cal.4th 930, 946; *People v. Tenorio* (1970) 3 Cal.3d 89, 95, fn. 2; see generally *In re Hernandez* (1966) 64 Cal.2d 850, 852.)

## DISPOSITION

The appeal is dismissed.